# Keystone Brewing Company, Limited, Plff. in Err., v. James W. Walker.

In an action to recover for work done and materials furnished in the erection of a building, where it was agreed between the parties that the valuation of any changes from the original contract should be made by the architect, and where the architect has made two separate and different valuations of additions made to the work, *held,* that, under evidence of the value of the work, it was proper to submit to the jury the question which valuation was the correct one.

(Argued November 4, 1887. Decided November 11, 1887.)

NOTE.—Where the contract provides that disputes shall be referred to an arbitrator, whose decision shall be final, his finding is conclusive. Gowen v. Pierson, 166 Pa. 258, 31 Atl. 83; English v. Wilmerding School Dist. 165 Pa. 21, 30 Atl. 506; McCauley v. Keller, 130 Pa. 53, 17 Am. St. Rep. 758, 18 Atl. 607; Robinson-Rea Mfg. Co. v. Mellon, 139 Pa. 257, 21 Am. St. Rep. 186, 21 Atl. 91; Thomas v. Heger, 174 Pa. 345, 34 Atl. 568. The arbitration cannot be insisted upon, however, where the arbitrator is

October Term, 1887, No. 233, W. D., before GORDON, Ch. J., PAXSON, STERRETT, and WILLIAMS, JJ. Error to the Common Pleas No. 1 of Allegheny County to review a judgment in favor of plaintiff in scire facias sur mechanics' lien. Affirmed.

The action was based upon a claim for work done and materials furnished by the plaintiff below, James W. Walker, under a contract with the defendant below, the Keystone Brewing Company, Limited, to do the work and provide the materials required for the completion of certain buildings connected with the brewery of the defendant company.

The question presented and the testimony in relation thereto appear from the following charge of the court below, COLLIER, J.:

In this case, as we instruct you and have ruled, there is but one main question of fact for you to consider; and upon that question both sides differ very materially. This claim arises under a clause in the contract which has been read to you; and I will read it again, so that your minds may be directed to that point in the case, and that you may not worry about matters that have very little to do with it, except incidentally: "It is further agreed that the said parties of the first part may make alterations by adding, omitting, or deviating from the plans and specifications, or either of them, which they shall deem proper; and in all such cases the said architect shall value and appraise the alterations and add to or deduct from the amount herein agreed to be paid to said parties of the second part."

You will observe that the parties signed a written agreement that they might make changes, and whatever the difference from the original contract was should be added to or deducted from the contract price; if the alterations were more valuable than the work called for in the specifications, the defendant company should pay for them; if they were not so valuable or something

absent, or has died (Fayette County v. Laing, 127 Pa. 119, 17 Atl. 801) ; or where the arbitrator refuses to proceed (Dougherty v. Shimer, 1 Luzerne L. Reg. 44) ; or where the arbitrator refuses to act, no provision being made for a substitution (Wolf v. Augustine, 181 Pa. 576, 37 Atl. 574) ; or where the parties waive the arbitration clause in the agreement (McKenna v. Lyle, 155 Pa. 599, 35 Am. St. Rep. 910, 26 Atl. 777; Whelen v. Boyd, 114 Pa. 228, 6 Atl. 384; Wright v. Susquehanna Mut. F. Ins. Co. 110 Pa. 29, 20 Atl. 716).

was omitted that was in the contract, the brewing company should be allowed it; and that this valuation should be made by the architect.

Now, if the architect did not choose to perform his duty, then the plaintiff, Mr. Walker, had a right to act; we permitting him to go upon the stand and proceed with his case. But if it appear that the architect has performed his duty, then both sides are bound to abide by his decision unless there be some fraud shown; but of that there is no evidence in the case.

Now, Mr. Walker testifies distinctly and positively that he had a settlement; that the architect valued these additions; and he tells you what they were, particularly the item changing from common or Rosendale cement to Portland cement. That is the largest item. He says that after he did that work there was some work which he intended to do under the contract; but the architect instructed him that he need not do it, and that work was omitted; that the architect made a valuation of this work; that he took it all into account after the work was completed or about that time, that he had some papers; that he, the plaintiff, took down the balance, in figures $965, due him on this valuation of the architect.

That is Mr. Walker's, the plaintiff's, side.

[Now, the defendant says it has a valuation made by the architect and it presents a paper to you in which the items are set forth, and that statement of the architect gives to Mr. Walker only 65 cents. You have to determine between the parties. If that paper is genuine, and I see no evidence showing that it is not, then Mr. Walker is only entitled to 65 cents. On the other hand, if what Mr. Walker states the architect gave him is true, then he is entitled to $965, with interest, and that you ought to give him, if that is your view. But if you find the paper presented by the defendant is correct, if that is the real valuation of the architect, then you ought to give the plaintiff only 65 cents.]

This, as far as you are concerned, is all that is in the case. There are some legal questions that will have to be determined hereafter.

The jury rendered a verdict for plaintiff for $965, with interest, and thereafter, after the denial of a motion by defendant for a new trial, judgment was entered on the verdict, and de-

fendant took this writ, specifying the following assignments of error:

1. The court erred in overruling the objections of the defendant to and admitting the evidence proposed to be given by the plaintiff under the following offer, *viz.:*

"Plaintiff's counsel propose to prove by the witness on the stand (the plaintiff) and others that the architect of the defendant company made certain changes and alterations in the specifications which were a part of the original agreement; that he furnished the material and executed the work according to the changes so made by the architect; that he changed a portion of the materials from the character of those described in the original specifications and required the work to be constructed of different materials, which were more expensive and required additional work to complete the job, than the materials described in the original contract; that he executed the work and completed it according to the requirements and directions of the architect and to his satisfaction, and that he accepted the work when completed as being satisfactory and performed in accordance with the requirements and conditions of the original agreement and specifications and also as performed under the changes made in the specifications. Also to prove the additional cost and expense of materials and work which were furnished and done in pursuance of changes made by the architect.

"By counsel for defendant: It not being proposed in the offer to show that the plaintiff had the value of the work and materials referred to in the offer valued by the architect, or that he attempted to do so, the offer is objected to as incompetent and irrelevant under the contract in evidence in this case.

"By the Court: Objections overruled and bill sealed for defendant."

2. The court erred in admitting the evidence proposed by the plaintiff in the following question, and overruling defendant's objection thereto:

"Now according to your settlement what amount did Mr. Greisser (the architect) decide would come to you from the company?

"Objection. Defendant's counsel object to the question because plaintiff has not sued on that paper or upon that alleged settlement, and that it is incompetent and irrelevant. Objections overruled and bill of exceptions sealed for defendant."

3. The court erred in its answer to the defendant's first point, which was as follows: "That under the pleadings and evidence the verdict must be for the defendant."

"*Ans.* Refused and bill for defendant."

4. The court erred in refusing defendant's second point, which was as follows: "That there is no sufficient evidence in the case of any other valuation or appraisement by the architect of the extra work and materials, and of the omitted work, than that contained in Exhibit No. 3."

"*Ans.* Refused, and bill sealed for defendant."

5. The court erred in refusing defendant's fourth point, which was as follows: "That if the jury believe that Greisser, the architect, made and delivered Exhibit No. 3 to the defendant, as a valuation or appraisement of all the extra work or materials furnished, and of the omitted work and materials, such valuation is binding upon the jury.

"*Ans.* Refused, and bill sealed for defendant."

6. That the court erred in the portion of the charge included in brackets.

*J. S. Ferguson,* for plaintiffs in error.—The plaintiff said that the architect did what the contract required him to do, and that the result was $965 due him. There was no evidence to contradict him.

The defendant produced a written valuation in the hand-writing of the architect, and it awarded the plaintiff for extra work $272.17, and charged him for omitted work $820.95. If in this statement the credits agreed to on both sides only were charged, the balance due the plaintiff would have been $277.37. If the additional credits claimed by defendant were allowed, the balance would have been sixty-five cents.

If the architect had in fact given both of the valuations alleged by the respective parties, why should either of them prevail over the other? Yet that is exactly what the court allowed to be done. There was not the slightest doubt under the evidence that the architect had made the valuation produced by the defendant. The court admitted that there was no evidence to show that it was not genuine. The question as to its genuineness was not, therefore, in dispute and ought not to have been submitted to the jury. There was not a scintilla of evidence to impugn it. Howard Exp. Co. v. Wile, 64 Pa. 201.

But the substantial complaint which we make in this case is that the court should have sustained the objections to evidence set out in our first and second assignments of error.

Was the court right in admitting the evidence objected to as set out in our second assignment?

It unmistakably appears from the plaintiff's affidavit of claim and bill of particulars that he was not claiming on any valuation by the architect. He did not allege that he had ever applied for or had been refused such valuation. The defendant, therefore, had no possible reason to anticipate that he would at the trial actually allege that he had obtained such valuation and seek to recover upon it.

The rule of court bearing on the subject is rule 8, which is as follows:

"Section 1. In all actions on . . . mechanics' liens . . . the plaintiff shall file . . . a specification of the items of his claim, together with a statement of the facts necessary to support it, verified by affidavit, to which defendant shall, within the time hereinafter specified, file an answer, verified by affidavit, and such items of the claim and material averments of fact as are not directly and specifically traversed and denied by the answer, shall be taken as admitted."

"Section 4. No evidence will be heard upon the trial of the cause as to any facts not substantially alleged or referred to as a ground of action or matter of defense in the statements then on file in the cause."

The rule then provides for amendments, but there was no amendment in this case.

It is clear, therefore, that the evidence admitted was incompetent.

*Weir & Garrison* for defendant in error.

PER CURIAM:

As, in this case, the architect made two valuations, one for each of the parties, and as these valuations were essentially different and were thus inconclusive, we cannot see why, under evidence of the value of the work, they were not properly submitted to the jury to say which was the correct one.

The judgment is affirmed.